IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AIDEN JONES                                                                                               PLAINTIFF

v.                          Civil No. 2:24-cv-02059-TLB

MAYOR DAVID REIDER
(City of Clarksville);
CHIEF OF POLICE JEFF ROSS
(Clarksville Police Department);
SERGEANT JONIA SMITH;
SERGEANT NATHAN WARREN;
DETECTIVE CHECK BEAVERS;
and DETECTIVE JEB CLARK                                     DEFENDANTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

        This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

        The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.     BACKGROUND

        Plaintiff filed his Complaint on May 8, 2024. (ECF No. 2). He was granted *in forma pauperis* status on June 25, 2024. (ECF No. 12). In his Complaint, Plaintiff asserts several claims concerning stops, searches, arrests, and criminal charges by Defendants on various dates. (ECF No. 2). Plaintiff also refers to a civil case involving himself and an individual, Ashley Zachary,

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

whose actions he alleges caused a "chain reaction" of events at the heart of his claims. (*Id*. at 23). Plaintiff failed, however, to provide specific case information as to any of the allegedly related state criminal or civil cases, and the Court refused to sift through the Plaintiff's numerous state court case records to determine which may be related to his current claims. Accordingly, on August 2, 2024, the Court entered an Order directing Plaintiff to submit a Supplement identifying those cases and providing the current case status for each one by August 16, 2024. (ECF No. 16).

Plaintiff filed a Motion for Extension of Time to file his Supplement, stating that he needed time to gather his state court information and to "research additional arguments." (ECF No. 18). This Motion was granted in part and denied in part. (ECF No. 20). Plaintiff was given until August 30, 2024, to provide the information directed by the Court, but Plaintiff was expressly prohibited from providing any additional claims, arguments, Defendants, or other information to his Supplement. (*Id*.). Plaintiff filed a Motion to Supplement on August 19, 2024. (ECF No. 21). The Clerk was directed to docket this as his Supplement on October 11, 2024. (ECF No. 24).

Plaintiff identified four criminal cases as being related to this case: CKC-21-393, CKC-23-72, 36CR-24-87, and CKC-24-172. Civil cases 36CV-24-33, 36CV-24-96, and 36CV-24-97 are also referenced among Plaintiff's descriptions and arguments for CKC-24-172.

The Court has reviewed the public docket of the cases Plaintiff identified.[2] *State v. Aiden Jones*, Case No. CKC-21-393, is closed. No appeal is noted. *State v. Aiden Aaric Jones*, CKC-23-72 is closed. A notice of appeal has been filed. *State v. Aiden Aaric Jones*, 36CR-24-87 is open and in the pre-trial phase. *State v. Aiden Jones*, Case No. CKC-24-172 is open, with a trial currently scheduled for February 27, 2025. *Aiden Jones v. Ashley Zachary*, Case No. 36CV-24-

---

[2] Available at Search ARCourts, available at https://caseinfonew.arcourts.gov/opad (last accessed Dec. 6, 2024).

33 is closed.  Plaintiff has filed a notice of appeal.  *Aiden Jones v. Ashley Zachary*, Case No. 36CV-24-97 is still open, with Plaintiff having filed a Motion to Dismiss on August 8, 2024, which motion remains pending.

In his Complaint, Plaintiff seeks monetary and "equitable/injunctive relief."  (ECF No. 2 at 24-26).  The Court also takes judicial notice that his Complaint is not notarized or signed under penalty of perjury.  (*Id*. at 26).

## II.    LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe

3

the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

#### A. Claims Concerning Criminal Case No. CKC-21-393 are *Heck*-barred

Any of Plaintiff's current claims related to Case No. CKC-21-393 are barred by the *Heck* doctrine. In this case, Plaintiff was charged with pedestrians crossing at other than crosswalks, obstructing governmental operations, fleeing on foot, and disorderly conduct. Plaintiff pleaded guilty to the obstruction and disorderly conduct charges on January 5, 2022. The case is closed, and no appeal is pending.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

Here, Plaintiff pleaded guilty to two criminal charges, and the case is now closed. He has not alleged that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Thus, his claims concerning this case are barred by *Heck*.

### B. Claims Concerning Criminal Cases CKC-23-72, 36CR-24-87 and CKC-24-172 must be stayed under the *Younger* Abstention Doctrine

Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010).

"If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (a § 1983 case involving only injunctive relief, and not damages). In cases where damages are sought, the Eighth Circuit has noted that the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal. *Night Clubs, Inc.*, 163 F. 3d at 481. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Court said:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying

>abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.

*Id*. at 730.

In *State v. Aiden Aaric Jones*, Case No. CKC-23-72, Plaintiff was charged with attempt to influence public service, disorderly conduct, and contempt of court for failure to comply with court order. In *State v. Aiden Aaric Jones*, Case No. 36CR-24-87, Plaintiff was charged with criminal mischief in the first degree. *In State v. Aiden Jones*, Case No. CKC-24-172, Plaintiff was charged with harassment and cyberbullying. These three criminal cases are either still open at the trial court level or have an appeal pending in state court. Plaintiff seeks both monetary and equitable relief. It is, therefore, appropriate to stay Plaintiff's claims concerning CKC-23-72, 36CR-24-87 and CKC-24-172.

### C. Claims Concerning Case No. 36CV-24-33 are Frivolous, Malicious, and are Barred by *Res Judicata*

This leaves Plaintiff's state court civil cases against Ashley Zachary. Civil cases 36CV-24-33, 36CV-24-96, and 36CV-24-97 are referenced in Plaintiff's information for CKC-24-172. Ms. Zachary is not named as a Defendant in the case before this Court. Instead, Plaintiff states in his Complaint Supplement that Defendant Jeb Clark "committed civil conspiracy with Ashley Zachary." (ECF No. 21 at 8). Plaintiff states that he filed a civil case against Ms. Zachary. After he and Ms. Zachary exchanged discovery material for the case, he alleges she turned over the discovery to Defendant Clark to be used for criminal charges against him. He characterizes this as a civil conspiracy and cites to *Mason v. Funderbunk*, 247 Ark. 521, 446 S.W 2d 543 (1969).

Civil conspiracy is a state law claim of intentional tort and has been used in the following circumstances:

>conspiracy may be in aid of alleged defamation, malpractice, interference with a contract, unfair competition, fraud or other torts. Likewise, allegations of an unlawful conspiracy may arise in the context of a contract, such as a real estate

contract, employment contract, insurance contract, or franchise agreement. Similarly, a civil conspiracy in support of a breach of fiduciary duty is actionable.

1 Howard W. Brill & Christian H. Brill, *Arkansas Law of Damages* § 33:18.

In 36CV-24-33, the Hon. Gary Arnold (Circuit Judge, ret.), found that the case was frivolous, failed to state a claim upon which relief could be granted, and dismissed the case.[3] Defendants were awarded attorney's fees. The details of the case can be summarized as follows: Plaintiff filed an intentional tort case against Ms. Zachary on February 12, 2024, alleging she had maliciously used the legal system against him when she filed for a protective order, engaged in manipulative and abusive conduct during their several-month relationship, and engaged in harassment. Plaintiff later added other Defendants to the case. The case was closed on July 1, 2024, noting that "the lawsuit filed by Plaintiff is frivolous in nature and serves no purpose other than to harass Defendants." The state Court's Order also noted that "Plaintiff's Complaint fails to state in ordinary and concise language facts which would show him entitled to relief" and was dismissed pursuant to Arkansas Rule of Civil Procedure 12(b)(6). As noted above, the case was dismissed, and attorney's fees in the amount of $1,605.00 were granted to Defendants. This case is closed, and Plaintiff filed an Amended Notice of Appeal.

Any consideration of this case by this Court is barred by *res judicata*. It is well-settled that a court may dismiss a case *sua sponte* based upon the doctrine of *res judicata*:

> if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

---

[3] The state court also noted that Plaintiff failed to appear for a hearing, either electronically or in person, despite a transport order.

*Arizona v. California*, 530 U.S. 392, 412 (2000) *supplemented*, 531 U.S. 1 (2000) (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting) (citations omitted); *see also Hanig v. City of Winner, S.D.*, 527 F.3d 674, 676 (8th Cir. 2008) ("When the second action seeks redress for the same wrong, res judicata bars relitigation of a claim or an issue 'actually litigated or which could have been properly raised and determined in a prior action.'").

Here, Plaintiff apparently seeks to revisit this case in federal court while simultaneously pursuing an appeal in state court. Any claims concerning 36CV-24-33 are barred by *res judicata* and should be dismissed.

### D. Supplemental Jurisdiction Over Civil Cases 36CV-24-96 and 36CV-24-97

In 36CV-24-96, Plaintiff filed a lawsuit for intentional tort against the City of Clarksville and many of the same Defendants in this federal case. In 36CV-24-97, Plaintiff filed another intentional tort case against Ms. Zachary on April 30, 2024. The coversheet and complaint in these cases are not available for review. Plaintiff has a pending motion to dismiss these cases without prejudice. As grounds for the motion, he states this and another case "have been lodged at the federal level." In his Supplement, Plaintiff repeats the same claims as the closed civil case, namely that Ms. Zachary conspired with Defendant Jeb Clark by giving him discovery material that was used to bring criminal charges. (ECF No. 21 at 8-9). Based on the arguments in his Supplement, Plaintiff brought these cases under the same Arkansas state tort law as 36CV-24-33.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (cleaned up). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (West). Thus, this Court does not have federal question jurisdiction over these cases. Neither does the Court have diversity jurisdiction, as Plaintiff and Defendants are all identified as Arkansas citizens. Thus, Plaintiff has not plead the

8

essential elements required for federal diversity of citizenship jurisdiction. Plaintiff has pled only a supplemental jurisdiction claim.

"Supplemental jurisdiction is a doctrine of judicial discretion and is not a plaintiff's right." *Freeman v. Clay Cnty. Bd. of Cnty. Commissioners*, 706 F. Supp. 3d 873, 890 (D.S.D. 2023) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). Here, Plaintiff's prior attempt to bring the same intentional state tort claim against Ms. Zachary and other Defendants was dismissed by the state court because he failed to state a cognizable claim under state law, and because the filing of the case was both frivolous and malicious. Accordingly, this Court will, in its discretion, decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(4).

### IV.   CONCLUSION

For the reasons discussed above, it is RECOMMENDED that:

1. Plaintiff's claims concerning *State v. Aiden Jones*, Case No. CKC-21-393, be DISMISSED WITHOUT PREJUDICE because they are barred under the *Heck* doctrine;

2. Plaintiff's claims concerning Arkansas criminal cases CKC-23-72, 36CR-24-87 and CKC-24-172 be STAYED under the *Younger* Abstention Doctrine;

3. Plaintiff's claims concerning civil case 36CV-24-33 be DISMISSED WITH PREJUDICE because they are frivolous, malicious and barred by *res judicata*;

4. Plaintiff's claims concerning civil cases 36CV-24-96 and 36CV-24-97 be DISMISSED WITHOUT PREJUDICE because the Court declines to exercise supplemental jurisdiction over them.

5. The Clerk is DIRECTED to STAY and ADMINISTRATIVELY TERMINATE this case;

6. Plaintiff is DIRECTED to immediately inform the Court when his state criminal cases CKC-23-72, 36CR-24-87 and CKC-24-172 are closed and any appeals are completed.

<u>Referral Status</u>: This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of December 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE