IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AIDEN JONES                                                      PLAINTIFF

v.                  Civil No. 2:24-cv-02059-TLB-MEF

MAYOR DAVID REIDER
(City of Clarksville);
CHIEF OF POLICE JEFF ROSS
(Clarksville Police Department);
SERGEANT JONIA SMITH;
SERGEANT MATHAN WARREN;
DETECTIVE CHUCK BEAVERS;
DETECTIVE JEB CLARK                                    DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening of Plaintiff's reopened case pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the Court is required to screen any complaint in which a Plaintiff seeks to proceed *in forma pauperis*.

**I.**      **DISCUSSION**

Plaintiff filed his case on May 8, 2024. (ECF No. 1). In his Complaint, Plaintiff asserts several claims concerning stops, searches, arrests, and criminal charges by Defendants on various dates. (*Id*.). Plaintiff also refers to a civil case involving himself and an individual, Ashley Zachary, whose actions he alleges caused a "chain reaction" of events at the heart of his claims. (*Id*. at 23). Plaintiff failed, however, to provide specific case information as to any of the allegedly related state criminal or civil cases, so on August 2, 2024, the Court directed Plaintiff to file a Supplement to his Complaint to provide specific case information for each state case referenced.

(ECF No. 16). Plaintiff submitted his Supplement on August 19, 2024. (ECF No. 21). After review of the Arkansas state court dockets for this case, it was recommended that:

> 1. Plaintiff's claims concerning *State v. Aiden Jones*, Case No. CKC-21-393, be DISMISSED WITHOUT PREJUDICE because they are barred under the *Heck* doctrine.
>
> 2. Plaintiff's claims concerning Arkansas criminal cases CKC-23-72, 36CR-24-87 and CKC-24-172 be STAYED under the *Younger* Abstention Doctrine.
>
> 3. Plaintiff's claims concerning civil case 36CV-24-33 be DISMISSED WITH PREJUDICE because they are frivolous, malicious and barred by *res judicata*.
>
> 4. Plaintiff's claims concerning civil cases 36CV-24-96 and 36CV-24-97 be DISMISSED WITHOUT PREJUDICE because the Court declines to exercise supplemental jurisdiction over them.
>
> 5. The Clerk be DIRECTED to STAY and ADMINISTRATIVELY TERMINATE this case.

(ECF No. 26). This Report and Recommendation was adopted on January 2, 2025. (ECF No. 28). The case was stayed and administratively terminated. (*Id.*).

On May 19, 2025, Plaintiff submitted a Motion to Reopen. (ECF No. 38). Plaintiff stated he was now released from incarceration. (*Id.*). Plaintiff also sought leave to amend his complaint, but his request was not submitted in compliance with the Local Rules of Civil Procedure. Plaintiff was directed to submit an updated *in forma pauperis* application reflecting his free-world financial status. (ECF No. 40). Plaintiff did so on June 2, 2025, and he was granted IFP status on June 5, 2025. (ECF Nos. 41, 42). The case was reopened on June 5, 2025. (ECF No. 44).

This leads to the question of which claims Plaintiff may now pursue concerning the previously stayed cases. These cases are Arkansas state criminal cases CKC-23-72, 36CR-24-87 and CKC-24-172. Any claims concerning CKC-23-72 and 36CR-24-87 are barred by the *Heck* doctrine.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by

2

actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

Review of the state court docket for CKC-23-72 indicates Plaintiff pled guilty to disorderly conduct.[1] Because this guilty plea has not been reversed, expunged, or declared invalid, the *Heck* bar applies to any claims concerning this case. Review of the 36CR-24-87 docket indicates Plaintiff pled guilty to criminal mischief in the first degree. In his Motion to Reopen, Plaintiff states that he entered an *Alford* plea for this charge (ECF No. 38 at 2), but the state court docket does not indicate a specific type of guilty plea. This conviction has not been favorably terminated, and the nature of the guilty plea is irrelevant. Because an *Alford* plea results in a valid conviction, the *Heck* bar applies. *See, e.g.*, *Bell v. Ste. Genevieve Cnty.*, No. 1:14-CV-94-SNLJ, 2015 WL 6459691, at *3 (E.D. Mo. Oct. 26, 2015) ("The *Heck* doctrine derives from the existence of a valid conviction, not the mechanism by which the conviction was obtained (such as admissions by the defendant), so it is irrelevant that plaintiff entered an *Alford* plea.") (collecting cases from the Fifth, Seventh, Ninth, and Tenth Circuits).

Review of the state court docket for CKC-24-172 indicates that the charges of harassment and cyberbullying against Plaintiff were dismissed. It appears, however, that this dismissal may have been the result of a plea in another criminal case. Nonetheless, at this early stage of the case, it appears that Plaintiff's claims regarding this case are not barred by the *Heck* doctrine. Review of Plaintiff's Supplement in this case indicates that Defendant Clark is the only Defendant Plaintiff

---

[1] State case information available on the Internet at SearchAR Courts (last accessed June 11, 2025).

has identified as being personally involved in this case. (ECF No. 21 at 8-9). Plaintiff's sole allegation against Defendant Clark is that he "committed civil conspiracy with Ashley Zachary." (*Id*. at 8). Specifically, Plaintiff alleges that Defendant Clark exchanged discovery material with Ms. Zachary to pursue criminal charges against him. Plaintiff cites to *Mason v. Funderbunk*, 247 Ark. 521, 446 S.W.2d 543 (1969) for this claim. Civil conspiracy is a state law claim of intentional tort and has been used in the following circumstances:

> conspiracy may be in aid of alleged defamation, malpractice, interference with a contract, unfair competition, fraud or other torts. Likewise, allegations of an unlawful conspiracy may arise in the context of a contract, such as a real estate contract, employment contract, insurance contract, or franchise agreement. Similarly, a civil conspiracy in support of a breach of fiduciary duty is actionable.

1 Howard W. Brill & Christian H. Brill, *Arkansas Law of Damages* § 33:18. Thus, Plaintiff's sole claim against Defendant Clark is brought under Arkansas state tort law. As discussed in the prior Report and Recommendation in this case (ECF No. 26), "Plaintiff's prior attempt to bring the same intentional state tort claim against Ms. Zachary and other Defendants was dismissed by the state court because he failed to state a cognizable claim under state law, and because the filing of the case was both frivolous and malicious."

This Court lacks jurisdiction to hear this state law claim. "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (cleaned up). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (West). Thus, this Court does not have federal question jurisdiction over this claim. Neither does the Court have diversity jurisdiction, as Plaintiff and Defendants are all identified as Arkansas citizens in this case. Thus, Plaintiff has not plead the essential elements required for federal diversity of citizenship jurisdiction.

## II. CONCLUSION

Accordingly, it is RECOMMENDED that:

1. Plaintiff's claims concerning cases CKC-23-72 and 36CR-24-87 should be DISMISSED WITHOUT PREJUDICE because they are barred under the *Heck* doctrine.

2. Defendants Reider, Ross, Smith, Warren, and Beavers should be terminated as Defendants in this case.

3. Plaintiff claims concerning Defendant Jeb Clark and CKC-24-172 should DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

4. Defendant Clark should be terminated as a Defendant in this case.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of June 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE